**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CAMILLE KALBACHER,<br>    Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:23-cv-01420 (JCH) |
| v. | : <br> : | |
| MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY[1]<br>    Defendant. | : <br> : <br> : <br> : | JANUARY 2, 2025 |

**RULING ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 15) AND DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER (DOC. NO. 18)**

**I.   INTRODUCTION**

The plaintiff, Camille Kalbacher ("Ms. Kalbacher") brings this action under section 405(g) of title 42 of the U.S. Code, appealing the final determination of the Commissioner of Social Security ("the Commissioner"), concluding that Ms. Kalbacher was disabled pursuant to sections 216(i) and 223(d) of the Social Security Act as of October 1, 2021, but not before. See Motion for Judgment on the Pleadings ("Pl.'s Mot.") (Doc. No. 15); Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl.'s Mem.") (Doc. No. 16).  Ms. Kalbacher moves this court to reverse the Decision of the Commissioner or, alternatively, remand the case for a rehearing.  See Pl.'s Mot.  The Commissioner cross-moves for an order affirming the Decision at issue. See Motion for Order Affirming the Decision of the Commissioner ("Def.'s Mot.") (Doc. No. 18); Memorandum in Support of Motion for Order Affirming the Commissioner's Decision ("Def.'s Mem.") (Doc. No. 18-1).  Ms. Kalbacher opposes the Commissioner's

---

[1] Since the initiation of this lawsuit, Martin O'Malley has replaced Kilolo Kijakazi as the Commissioner of Social Security.

1

Motion.  See Reply Memorandum of Law in Opposition to Commissioner's Motion to Affirm ("Pl.'s Reply") (Doc. No. 19).

For the reasons that follow, Ms. Kalbacher's Motion (Doc. No. 15) is granted, and the case is remanded to the Administrative Law Judge ("ALJ") for proceedings consistent with this Ruling.  The Commissioner's Motion (Doc. No. 18) is denied.

## II.     BACKGROUND

On September 4, 2018, Ms. Kalbacher applied for disability benefits pursuant to Title II of the Social Security Act, Administrative Record ("AR") at 15, she filed the application based on a disability that she claims began on January 6, 2017.  Id. at 517.  Ms. Kalbacher's claims were denied on December 21, 2018, and again, upon reconsideration, on May 20, 2019.  Id. at 15.  Ms. Kalbacher filed a request for a hearing, which was held on August 31, 2020.  Id.  The hearing was held via telephone before ALJ John T. Molleur.  See id.  Following the hearing, the ALJ determined Ms. Kalbacher was not disabled as that term is defined in the Social Security Act.  Id. at 24.  Ms. Kalbacher filed a Request for Review by the Appeals Council, which was denied on June 9, 2021.  See id. at 1.

Ms. Kalbacher next appealed to this court.  On appeal, the court concluded that "the ALJ failed to assess [Ms. Kalbacher's] non-severe mental impairments when calculating her [Residual Functional Capacity ("RFC")] at Step Four."  Kalbacher v. Kijiakazi, 3:21-cv-1092 (VLB), slip op. at 16 (Sept. 9, 2022).  The court explained, "[c]alculating the RFC requires an ALJ to consider both a claimant's severe and non-severe mental . . . impairments, even if an ALJ concludes the claimant's mental impairments are non-severe at Step Two."  Id. at 18.

On remand, the ALJ held another hearing on May 23, 2023 and issued a final decision on August 28, 2023. AR at 517, 530. The ALJ determined Ms. Kalbacher was disabled as of October 21, 2021, but could perform light work prior to that date. Id. at 523–27. Following the ALJ's decision, Ms. Kalbacher filed another appeal with this court. See Complaint ("Compl.") (Doc. No. 1). The court assumes the parties are familiar with the Administrative Record and adopts the undisputed, but supported, facts as stated in Ms. Kalbacher's Statement of Facts and adopted by the Commissioner. See Pl.'s Mem. at 2–14; Def.'s Mem. at 2.

### III.   LEGAL STANDARD

The ALJ follows a five-step evaluation to determine whether a claimant is disabled within the meaning of the Social Security Act. At the first step, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4). If not, the Commissioner proceeds to the second step and considers whether the claimant has a "severe impairment" which limits her mental or physical ability to do basic work activities. Id. If the claimant has a "severe impairment", the Commissioner proceeds to step three and asks whether, based solely on the medical evidence, the claimant has an impairment listed in appendix 1 of the Regulations. Id. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider that claimant disabled, without considering vocational factors such as age, education, and work experience. Id.

If the impairment is not listed in the Regulations, the Commissioner proceeds to step four and asks whether, despite the claimant's impairment, she has the RFC to perform past work. Id. At step five, the Commissioner determines whether there is other work the claimant could perform. Id. To be considered disabled, an individual's

3

impairment must be "of such severity that [s]he is not only unable to do [her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Commissioner bears the burden of proof on the fifth step, while the claimant has the burden on the first four steps. See McIntyre v. Colvin, 758 F.3d 146, 150 (2d Cir. 2014).

Under section 405(g) of title 42 of the U.S. Code, the district court may not review de novo an ALJ's Decision as to whether the claimant was disabled. See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). The court's review of the Commissioner's Decision "is limited to determining whether the [Social Security Administration]'s conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (citation omitted); see also 42 U.S.C. § 405(g). "Substantial evidence" requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive, and the court will not substitute its judgment in this regard for that of the Commissioner. 42 U.S.C. § 405(g); see also Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

## IV.   DISCUSSION

Ms. Kalbacher raises several arguments on appeal. First, she argues the ALJ erred by failing to consider her mental impairments at Step Four when determining her RFC. Pl.'s Mem. at 14–15, 24–27. Second, Ms. Kalbacher argues the ALJ failed to properly consider her sitting and standing restrictions when determining that she could perform light work prior to October 21, 2021. See id. at 15–18. Third, according to Ms.

4

Kalbacher, the ALJ's selection of October 21, 2021, as her disability date is arbitrary and is not supported by substantial evidence. Id. at 19–24. The Commissioner opposes these arguments and asks this court to affirm the decision of the Commissioner. See Def.'s Mem. Because the court concludes the ALJ failed to adequately account for Ms. Kalbacher's non-severe mental impairments when determining her RFC, the court will not address whether the ALJ otherwise erred in determining Ms. Kalbacher's RFC or date of disability.

As this court has previously explained, see Kalbacher, 3:21-cv-1092 (VLB), at Step Four of the disability analysis, an ALJ is required to consider all impairments, even non-severe mental impairments, when determining a claimant's RFC. 20 CFR 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). The same regulation, which is entitled "Your residual functional capacity", later explains, "[w]hen we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. § 404.1545(c) (emphasis added). The Second Circuit has similarly concluded "RFC determination[s] must account for limitations imposed by both severe and non[-]severe impairments." Parker-Grose v. Astrue, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order).

The Commissioner, relying in part on the ALJ's introductory statement that he considered Ms. Kalbacher's non-severe mental impairments before determining her

RFC, argues that the ALJ did comply with the court's prior ruling.  Def.'s Mem. at 6 (citing AR at 517).[2]  This disclaimer, however, does not satisfy the ALJ's responsibility to account for all of Ms. Kalbacher's physical and mental impairments when determining her RFC.  See Ayaz M. v. Kijakazi, No. 3:22-CV-1603 (KAD), 2024 WL 449575, at *3 n. 6 (D. Conn. Feb. 5, 2024) ("[A] boilerplate recitation that the entire record has been considered does not satisfy his drafting obligations if the ALJ does not otherwise provide reasons for his determination.").  Instead, Step Four of the analysis requires the ALJ to assess Ms. Kalbacher's mental limitations and, having assessed these limitations, determine her RFC.  See 20 CFR § 404.1545(c).  In doing so, the ALJ must find substantial evidence to support his conclusion.  Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022).

The Commissioner also relies on the ALJ's revised Step Two analysis to suggest that the ALJ considered Ms. Kalbacher's mental impairments before calculating her RFC.  Def.'s Mem. at 6–8.  The ALJ's analysis at Step Two about whether Ms. Kalbacher's mental impairments are severe fails to address the ALJ's insufficient analysis at Step Four about Ms. Kalbacher's RFC.  This is because the severity of a claimant's impairments, discussed at Step Two, is separate from whether all impairments, taken together, suggest a claimant has the residual functional capacity to engage in substantial gainful activity, discussed at Step Four.  See Benoit v. Saul, No. 3:19-CV-00443 (WIG), 2019 WL 6001596, at *7 (D. Conn. Nov. 14, 2019) ("Under the Commissioner's regulations, all impairments, both severe and non-severe, must be

---

[2] The ALJ stated, "In compliance with the District Court remand order, the undersigned evaluated Dr. Satinover's treatment records prior to calculating her residual functional capacity." AR at 517 (citation omitted).

accounted for in an ALJ's RFC assessment."); Ayaz M., 2024 WL 449575, at *3 ("Upon review of the ALJ's RFC findings, there is no 'detailed analysis,' or any analysis, indicating that the ALJ considered Plaintiff's non-severe mental impairments.").  While it is true that the court previously instructed the ALJ to consider Ms. Kalbacher's mental impairments "prior to" calculating her RFC, Kalbacher, 3:21-cv-1092 (VLB), at 19, this instruction specifically referred to the Step Four analysis.  Id. ("[the ALJ] was required to acknowledge [Ms. Kalbacher's] non-severe impairments in his final RFC determination.").

The only discussion about Ms. Kalbacher's mental impairments in the ALJ's revised Step Four analysis is Ms. Kalbacher's testimony about her mental impairments and findings from an examination conducted by Yacov Kogan, MD, about the same.  AR at 523–27.  Indeed, the Commissioner cites these portions of the ALJ's Step Four analysis to suggest the ALJ complied with the court's prior Ruling.  Def.'s Mem. at 9. The cited portions of the ALJ's revised Step Four analysis are strikingly similar to the ALJ's prior Step Four analysis.  In fact, the entirety of the ALJ's Step Four analysis as to Ms. Kalbacher's mental impairments is similar to the ALJ's deficient original Step Four analysis.  Compare AR at 20–23, (discussing Ms. Kalbacher's testimony about her mental impairments, and, after concluding Ms. Kalbacher could perform light work, summarizing an examination conducted by Dr. Kogan and records prepared by Jeffrey Satinover, MD, PhD, about the same impairments); with AR at 523–27 (the same but excluding a discussion of the medical records prepared by Dr. Satinover at Step Four).

Having concluded that the ALJ failed to adequately consider Ms. Kalbacher's non-severe mental impairments when calculating her RFC, the court remands the case so that the ALJ may revisit his Step Four analysis.

## V.     CONCLUSION

For the reasons stated above, the court grants the plaintiff's Motion (Doc. No. 15) and denies the defendant's Motion (Doc. No. 18).  The case is remanded to the ALJ for proceedings consistent with this Ruling.  The Clerk's Office is instructed that, in the event either party appeals a subsequent decision of the Social Security Administration to the District Court, any such appeal should be assigned to the Judge who issued this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 2nd day of January 2025.

    /s/ Janet C. Hall

Janet C. Hall
United States District Judge